IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEORVIS MANUEL MEJIA GONZALEZ,

      Petitioner,

v.                                No. 1:26-cv-01930-KG-JFR

WARDEN, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Leorvis Gonzalez's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. For the reasons below, the Court denies the petition.

## I.    *Background*

Petitioner is a citizen of the Dominican Republic and lawful permanent resident of the United States. Doc. 6 at 1. He attempted to enter the United States on March 31, 2025 at the Boston Logan International Airport after returning from the Dominican Republic. *Id.* He was determined inadmissible at the airport due to multiple state drug charges and one conviction. Doc. 6 at 2. He is currently detained at the Torrance County Detention Facility in New Mexico. Doc. 1 at 1.

Petitioner received a bond hearing on April 21, 2025. Doc. 6 at 2. The immigration judge ("IJ") denied Petitioner's bond request after concluding that Petitioner was "both a danger and poses a flight risk." *Id.* Petitioner appealed that decision. *Id.* Petitioner challenges his continued detention under the Fifth Amendment of the United States. Doc. 1 at 3. The Government urges the Court to deny the Petition, arguing that Petitioner's due process rights

have been satisfied because he has received a bond hearing.  Doc. 6 at 3.

## II.      *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.    *Analysis*

The Court denies Petitioner's petition, Doc. 1.  Petitioner received a bond hearing on April 21, 2025.  Doc. 6 at 2.  At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden and denied bond.  *Id.*  That is all § 1226 requires.  To the extent that Petitioner challenges the IJ's discretionary bond denial, that challenge was properly directed to the BIA.

***IV.*** **Conclusion**

The Court denies the Petition, Doc. 1.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3